The People, etc., v. Peter Clauson.

THE PEOPLE, Etc., Respondents, *v.* PETER CLAUSON, Appellant.

1. CONVERSATIONS AS TESTIMONY IN CRIMINAL CASES.—K., the owner of a stolen mare, found the same in possession of defendant, who claimed to have bought the same from I., and sent K. to see I. about it. *Held,* That the conversation between K. and I. was admissible against the defendant as part of the original conversation between K. and the defendant.

2. VERDICT CONTRARY TO EVIDENCE.—On appeal the verdict will not be set aside on the ground that the same is contrary to the evidence, unless it clearly appear, either there is an absence of evidence against the prisoner or a decided preponderance thereof in his favor.

Appeal from the First Judicial District Court.

The facts appear in the opinion of the court.

No appearance of counsel on file.

EMERSON, J., delivered the opinion of the court:

The appellant was indicted and convicted of the crime of grand larceny, for stealing a mare, the property of one Henry Kay.

Two errors are assigned:

The first relates to the admission of certain testimony offered by the prosecution and objected to by the defendant.

It appears from the record that the prosecuting witness, Kay, testified to the loss of his mare, and that he found her in the possession of the defendant. At this time and to explain his possession, the defendant stated to the witness that he had bought the mare of one George Ivory; that witness replied that he would go and see Ivory and talk with him about it, that he did so, and then returned to the defendant. The objection was made to the witness testifying to what he told defendant, Ivory, had told him.

This testimony was clearly admissible. The defendant had directed the attention of the witness to Ivory as the explana-

tion of his possession. The witness found that Ivory flatly contradicted the defendant, and witness returned to defendant with the information and for a further explanation of his possession of the property. The question was not what did Ivory tell you? but what did you tell the defendant Ivory had told you?

It was a part of the conversation between the witness and defendant concerning the title and ownership of the mare in question, and the people were entitled to the whole of the conversation relating to that subject.

The second assignment of error, is that the verdict is contrary to the evidence.

Before this court will set aside a verdict on appeal, on the ground that the verdict is contrary to the evidence, it should appear, either that there is an absence of evidence against the prisoner, or a decided preponderance of evidence in his favor. So much depends upon the demeanor of witnesses on the stand, the manner in which their testimony is given, and which cannot be brought in or made a part of any record, that the statute has very properly made the jury the sole judges of the weight to be given to it.

The record in this case does not show such an absence of evidence against the defendant, or such a decided preponderance in his favor, that we can say that the jury were influenced by passion or prejudice. The evidence was conflicting. It is evident that the jury, who are made by the statute the sole judges of their credibility, did not believe some of the defendant's witnesses.

Upon a review of the whole record we are satisfied that this is one of the cases in which the verdict of the jury ought not to be disturbed.

The judgment is affirmed.

HUNTER, C. J., and BOREMAN, J., concurred.